UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| FARMERS INSURANCE COMPANY, INC, as subrogee of NANDKISHOR PATEL and GEETA PATEL, | § § § § | |
| Plaintiff, | § § § | |
| v. | § § § § | Case No. 20-CV-126 |
| QUALITY TRUCK & TRAILER REPAIR, a Texas corporation, | § § § § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff, Farmers Insurance Company, Inc. ("**Farmers**") as subrogee of Nandkishor and Geeta Parmar-Patel (the "**Insureds**") files this Plaintiff's Original Complaint against Defendant, Quality Truck & Trailer Repair ("**Quality Truck**") and in support thereof respectfully shows the Court as follows:

### I.     JURY DEMAND

Farmers hereby requests that this case be tried to a jury.

### II.     PARTIES AND SERVICE

1.      Farmers is a Kansas corporation with a principal place of business located at 17000 West 119th Street, Olathe, Kansas 66061.

2.      Farmers is authorized by the Texas Department of Insurance to conduct business in Texas.

3. Defendant Quality Truck is a Texas corporation with a principal place of business located at 2155 Joe Battle Blvd. El Paso, Texas 79938.

### III.   JURISDICTION AND VENUE

4. This Court has jurisdiction over this civil action because it is between citizens of different states, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because the events or omissions giving rise to this civil action occurred in El Paso County, Texas.

6. This Court has specific jurisdiction over Defendant because Plaintiff's cause of action arises from or is directly related to the contacts of Defendant with the State of Texas.

### IV.   FACTS

7. Farmers provided a policy of insurance to the Insureds, providing coverage to their personal property at all times relevant hereto including personal property that was being transported on behalf of the Insureds from San Ramon, California to Houston, Texas (the "**Property**").

8. Sometime prior to July 17, 2019, the Insureds contracted with Bekins Moving Company ("**Bekins**") to transport the Property from their residence in San Ramon, California to their new residence located in Houston, Texas.

9. Upon information and belief, Bekins transported the Property by loading it into a tractor-trailer rig.

10. During Bekins' transportation of the Property, the driver noticed something loose on the trailer.

11. As a result, the Bekins driver drove the tractor-trailer to Quality Truck and requested repair/welding to the roof of the Trailer.

12. The Bekins driver left the Trailer at Quality Truck on the night of July 16, 2019, and drove his tractor to a local hotel.

13. On July 17, 2019, between the hours of 10:00 a.m. and 11:00 a.m. a welder working for Quality Truck began using a Cornwell welder appliance with his objective to "Tack Weld" the metals on the Trailer.

14. During this act, the welder noticed smoke and fire coming from the Trailer's roof.

15. The welder attempted to extinguish the fire with a small fire extinguisher.

16. The Trailer was pulled out of the carport where the welder had been working.

17. The welder contacted the El Paso Fire Department who, upon arrival, utilized a type of foam to extinguish the fire ("**Initial Fire**").

18. Once the Initial Fire had been extinguished, the Trailer was moved to the side along Loop 375 Gateway Road towards the back of Quality Truck.

19. On July 18, 2019, at approximately 4:00 a.m. the Initial Fire rekindled causing a total loss of the Property contained within the Trailer ("**Subsequent Fire**").

20. The cause of the Initial Fire was a welding event igniting the Property located within the Trailer.

21. The Subsequent Fire occurred as a result of re-ignition of the Property that remained in the Trailer subsequent to the Initial Fire.

22. As a result of the Defendant's negligence, the Insured suffered damages in excess of $500,000.00.

23.     Pursuant to its policy of insurance with the Insureds, Farmers has paid to or on behalf of the Insureds for damages to the Property as a result of the Defendant's negligence and is therefore subrogated to that amount.

### **FIRST CAUSE OF ACTION**
(Negligence)

24.     Farmers incorporates and realleges all allegations set forth above.

25.     Defendant had a duty to protect the Property from being destroyed, including removing the Property from the Trailer in a reasonable and prudent manner prior to welding.

26.     Furthermore, Defendant a duty to act in a reasonable and prudent manner with regard to welding on the Trailer.

27.     Defendant breached these duties.

28.     Defendant's breach of its duty was the direct and proximate cause of the damages sustained by Farmers.

**WHEREFORE**, Plaintiff Farmers Insurance Company, Inc., prays that this Court: 1) enter judgment against Defendant for negligence in an amount in excess of $500,000.00; 2) award prejudgment and post-judgment interest as allowed by law; 3) award attorney fees and costs; and 4) any and all other relief in law and equity to which Farmers shows itself to be entitled.

DATED this 6th day of May, 2020.

Respectfully submitted,

NEUENS MITCHELL BONDS PLLC
//Chad M. Neuens
Chad M. Neuens, State Bar No. 24049738
cneuens@cmnlitigation.com
2021 S. Lewis Avenue
Suite 660

5

Tulsa, Oklahoma 74104
Telephone: (918) 749-9334
Facsimile: (918) 749-9335
***ATTORNEYS FOR PLAINTIFF***